J-A31010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC PAGAN-AFANADOR, | |
| Appellant | No. 3493 EDA 2015 |

Appeal from the Judgment of Sentence Entered April 22, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001065-2013

BEFORE: BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 04, 2017**

Appellant, Eric Pagan-Afanador, appeals *nunc pro tunc* from the judgment of sentence of 24 to 48 months' incarceration, imposed after a jury convicted him of carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1). Herein, Appellant challenges the trial court's decision to exclude certain evidence, and he also argues that the verdict was contrary to the weight of the evidence. After careful review, we affirm.

The trial court concisely summarized the facts and procedural history of Appellant's case, as follows:

> This case arises out of an assault that occurred on December 13[], 2012. [Appellant] pistol[-]whipped the victim on the head causing serious injury and[,] during the encounter, the firearm discharged and the victim sustained a through[-]and[-]

_____

[*] Former Justice specially assigned to the Superior Court.

through gunshot wound to his shoulder. [Appellant] was arrested and[,] at trial[,] the Commonwealth proceeded on two counts of [a]ggravated [a]ssault and one count of [carrying a firearm without a license]. On February 7, 2014[,] after a two[-]day jury trial, the jury acquitted [Appellant] on the [a]ggravated [a]ssault charges and found him guilty of [the firearm offense]. On April 2[2], 2014[, Appellant] was sentenced to 24 to 48 months['] confinement in a State Correctional Facility. [Appellant's] direct appeal rights were restored by the [Post Conviction Relief Act] [c]ourt and [Appellant] timely appealed.

Trial Court Opinion (TCO), 1/26/16, at 1 (footnote omitted).

Appellant timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, and the court filed a responsive opinion. Herein, Appellant sets forth three issues for our review, which we have re-ordered for ease of disposition:

1. Did the trial court err by failing to admit and publish to the jury [Appellant's] License to Carry a Firearm?

2. Is Appellant … entitled to a mistrial?

3. Is the jury's verdict … against the weight of the evidence … specifically in light of exculpatory evidence present[ed] by [] Appellant in his *pro se* Motion for Judgment of Acquittal?

Appellant's Brief at 14.

In the Argument section of Appellant's brief, he combines his first two issues, averring that he "is entitled to a mistrial insofar as the trial court committed error in refusing to admit [Appellant's] license to carry a firearm." *Id.* at 19 (unnecessary capitalization and emphasis omitted). Appellant is essentially challenging the court's decision to exclude certain evidence; thus, we review his claim as follows:

The standard of review employed when faced with a challenge to the trial court's decision as to whether or not to admit evidence

is well settled. Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (internal citations omitted).

Here, Appellant contends that the trial court erred by not permitting him to admit into evidence a copy of a license to carry a firearm, that was issued by the Delaware County Sheriff's Department on August 22, 2008 (hereinafter "the August license"). On the face of the August license, it states an expiration date of August 22, 2013, which was *after* the incident underlying Appellant's conviction in this case. ***See*** Attachment to "Defendant's Motion for Reconsideration of Sentence," 4/24/14 (Docket Entry 30). According to Appellant, the August license proves that he possessed a valid license to carry a firearm on the date of the incident and, thus, the court erred by not allowing him to admit it at trial.

However, our review of the record reveals that the August license *was admitted* into evidence by the Commonwealth as Exhibit C-17. That exhibit contains an exact replica of the August license that Appellant later sought to admit, but with a handwritten notation on the license stating, "Revoked on 7/23/2009." Notably, Appellant did not object to the admission of Exhibit C-17, nor challenge the authenticity of the handwritten notation. Instead, he

waited until his recross-examination of Detective Brad Ross, the lead investigator in the case, to attempt to admit an un-notated copy of the *very same* firearm license. Because Appellant failed to object to the admission of the notated license as Exhibit C-17, the trial court did not abuse its discretion by precluding him from later admitting an un-notated copy of the same document.[1]

In Appellant's final issue, he challenges the weight of the evidence to sustain his convictions. However, his entire argument is premised on his assertion that the trial court erred by not admitting his copy of the August license. Because we have already concluded that the court did not abuse its discretion in that regard, we also ascertain no abuse of discretion in the court's decision to reject Appellant's weight-of-the-evidence claim.

Judgment of sentence affirmed.

---

[1] Moreover, Appellant fails to explain how Detective Ross, who was not a member of the Sheriff's Department that issued the August license, would have been able to testify as to the authenticity of Appellant's un-notated copy of that document. ***See*** Pa.R.E. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); Pa.R.E. 901(b)(1) (stating that a piece of evidence may be authenticated through the "[t]estimony of a [w]itness with [k]knowledge … that an item is what it is claimed to be") (emphasis omitted). Consequently, the trial court did not abuse its discretion in refusing to admit Appellant's copy of the August license on this basis, as well.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/4/2017</u>